UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GERALD GUILLORY                            CIVIL ACTION NO. 07-1578

VS.                                        SECTION P

GARY FONTENOT, ET AL                       CHIEF JUDGE HAIK
                                           MAGISTRATE JUDGE METHVIN

*REPORT RECOMMENDING DISMISSAL OF SOME
BUT NOT ALL OF PLAINTIFF'S CIVIL RIGHTS CLAIMS*

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on

September 20, 2007 by *pro se* plaintiff Gerald Guillory. Plaintiff is an inmate in the custody of

Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the

Elayn Hunt Correctional Center, St. Gabriel, Louisiana, however, he complains that he received

inadequate medical treatment and that he was physically and verbally abused by prison guards

during his incarceration at the Eunice City Jail (ECJ) in Eunice, Louisiana.  He sues Eunice

Police Chief Gary Fontenot, Assistant Chief Terry Fontenot, ECJ Warden John Cormier and St.

Landry Parish Deputy Sheriff Ron Young.[1]  Plaintiff prays for compensatory and punitive

damages totaling $1 million.[2]

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with 28 U.S.C. §636 and the standing orders of the court. For the following

reasons it is recommended that the complaint, insofar as it claims that plaintiff was denied

prompt medical care, be **DISMISSED WITH PREJUDICE** for failing to state a claim for

---

[1] In his original complaint he sued Louisiana Parole Board Chairperson Diana Simon [see doc. 1, caption]. However, he omitted Ms. Simon from the amended complaint.

[2] In his Amended Complaint [doc. 13] plaintiff prayed for "... compensatory damages in the following amount $75,000 jointly and $175,000 severally against defendant Ron Young."

-2-

which relief might be granted; it is further recommended that plaintiff's excessive force and verbal abuse claims against defendants Cormier, G. Fontenot, and T. Fontenot be **DISMISSED WITH PREJUDICE** as frivolous.[3]

### *Statement of the Case*

Plaintiff's original complaint [doc. 1] did not comply with LR 3.2W because it was not typed or legibly written on the forms supplied by the court for *pro se* prisoner complaints. Plaintiff was directed to cure that defect [doc. 4], and did so on November 29, 2007. [doc. 5]

On December 5, 2007, the undersigned completed an initial review of the pleadings. Plaintiff was directed to amend his complaint again and to allege with specificity what each defendant did to violate plaintiff's rights. He was also directed to provide the place and dates that the complained of events occurred.  Further, he was directed to provide a detailed description of the injuries he sustained as a result of the alleged violations of his constitutional rights.  Plaintiff was also ordered to state whether he was a detainee or a convict at the time of the complained of events. He was also directed to  allege facts sufficient to establish "deliberate indifference" on the part of the defendants.  Finally, plaintiff was directed to amend his complaint to allege specific grounds to visit liability on the supervisory personnel named as defendants. [doc. 8] Plaintiff requested [doc. 9] and was granted an extension of time, or until March 10, 2008, within which to amend his complaint. [doc. 10] On February 15, 2008 he amended his complaint. [doc. 13]

His original and amended complaints [docs. 1, 5, and 13] allege the following:

---

[3] Plaintiff has also asserted an excessive force claim against Dy. Young (elsewhere identified as Officer Young). That claim survives initial review and, in a separate Memorandum Order, the undersigned has directed service of process on that remaining defendant.

-3-

On October 15, 2006, plaintiff, an inmate in the custody of the LDOC, was incarcerated at the ECJ, Eunice, Louisiana. On November 15, 2006 plaintiff complained of dizziness and nausea and was transported to the Acadian Medical Center (AMC) in Eunice.  On November 16, 2006, plaintiff became "very ill." On November 17, 2006, he requested emergency medical attention. For two days, his requests were ignored and answered with "threats of verbal abuse."

Nevertheless, on November 19, 2006 and on days following November 19, plaintiff was examined by an unnamed physician at the physician's office in Eunice at least four or five times. On the fourth or fifth such visit, plaintiff was accused by an unnamed jailer of attempting to smuggle cigarettes into the jail. According to the jailer, three packs of cigarettes were discovered in the restroom of the physician's office. According to plaintiff, three other inmates were also scheduled for appointments on the same day, but their appointments were not cancelled.

Upon his return to ECJ, plaintiff was advised by Assistant Chief Terry Fontenot "... that he would never have to worry about going on a hospital trip again."

Nevertheless, sometime later, plaintiff fainted. He was taken to the AMC emergency room where he was given oxygen.

Plaintiff and other inmates complained about the lack of medical care to a "municipal officer" named Lara Bosno.  As a result, two auxiliary police officers were assigned to assist the complaining inmates.  According to plaintiff, these unnamed officers "... displayed a hostile attitude..." toward plaintiff and his companions.  On one occasion, plaintiff requested medicine from the female auxiliary officer and she replied, "I do not have time for people like you."

On November 21, 2006 plaintiff requested treatment at the hospital for severe leg pain and swelling. Plaintiff was placed in the jail visiting area and ordered to stop making noise.

-4-

Later, Assistant Chief Terry Fontenot advised plaintiff that if plaintiff continued to make noise, Fontenot would place plaintiff "... in the first cell, feed [him], and watch [him] die..." When Fontenot left, Deputy Young and unidentified auxiliary officers beat plaintiff until he lost consciousness. According to plaintiff he "... remembered a shiny silver looking object." When plaintiff regained consciousness Warden Cormier called an ambulance service and had plaintiff transported to Charity Hospital in Lafayette, Louisiana. Plaintiff remained hospitalized at that facility for four days, or, until on or about November 25, 2006. While he was in the hospital he again saw "this shiny looking object."

Thereafter, upon his release from the hospital, in late November 2006, plaintiff was transported to Elayn Hunt Correctional Center by Warden Cormier.

According to plaintiff, defendants Gary Fontenot, Terry Fontenot, John Cormier, and Ron Young violated plaintiff's rights when they refused to provide timely and proper medical care for plaintiff's serious medical needs. Gary Fontenot, Terry Fontenot and John Cormier also violated plaintiff's rights by failing to prevent the verbal and physical abuse inflicted on plaintiff by their subordinates. Finally, plaintiff claims that Ron Young violated plaintiff's rights by inflicting corporal punishment upon plaintiff.

Plaintiff claims that he experiences black-outs, dizziness, fainting and liver problems along with mental anguish and emotional distress.

### Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate

-5-

the complaint and dismiss it without service of process, if it is frivolous,  malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

-6-

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably

meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and

dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S.

319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an

arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are

fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v.

Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728,

1733, 118 L.Ed.2d 340 (1992).  Plaintiff has set forth specific facts which he claims entitles him

to a specific form of relief. He has twice been allowed to amend his original complaint and need

not be afforded another opportunity to amend his complaint.

## 2. Medical Care

According to the plaintiff, at all time relevant to this inquiry, he was a convict in the

custody of the LDOC. Thus, plaintiff's medical care claim arises under the Eighth Amendment's

prohibition against cruel and unusual punishment. In order to show an Eighth Amendment

violation, plaintiff must show that the defendants were deliberately indifferent to his serious

medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976);

*Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001).  Deliberate indifference

in this context means that: (1) the defendant prison officials were aware of facts from which an

inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that

-7-

inference; and (3) the officials' response indicated that they subjectively intended that harm

occur. *Id.* at 458-59.

"[T]he failure to alleviate a significant risk that [the official] should have perceived, but

did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal*

*Justice*, 239 F.3d 752, 756 (5th Cir.2001).  Moreover, "deliberate indifference cannot be inferred

merely from a negligent or even a grossly negligent response to a substantial risk of serious

harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and

wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105

F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of

deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292

(5th Cir.1997).

Plaintiff's detailed recitation of the facts belies his claim of deliberate indifference. The

complaint establishes that plaintiff was incarcerated at the Eunice City Jail for a relatively short

period of time – from October 15, 2006 [doc. 13, p. 1] through November 25, 2006. [*Id.*, p. 2][4]

By his own admission, his first request for medical attention occurred on November 15, 2006

when he complained of dizziness and nausea.  He admits that he was immediately transported to

the Acadian Medical Center in Eunice for treatment. [doc. 13, p. 1] On the following day,

November 16, 2006 he became ill again, however, by his own admission, he did not request

emergency medical attention until the following day, November 17, 2006.  According to plaintiff,

[4] As noted above, plaintiff alleged that he was hospitalized in Lafayette on November 21, 2006 [doc. 13, p. 2]; that
he remained hospitalized at that facility for four days [*id.*], and that following his release from the hospital he was
transferred to Elayn Hunt Correctional Center. [doc. 5, p. 13]

-8-

his complaints were ignored and he was verbally abused, however, by his own admission, on November 19, 2006, two days following his request for medical attention,  he was taken to a local physician where he was examined. According to plaintiff, he was then examined by this same physician at his office least four or five times after November 19, 2006. [doc. 5, ¶13] On the final visit, plaintiff was accused of attempting to smuggle cigarettes into the facility and he was returned to the ECJ and told that he would not be allowed to make another hospital visit. Nevertheless, when plaintiff again fainted, he was immediately taken to the AMC emergency room where he was given oxygen.

Finally, plaintiff claims that he requested treatment for severe leg pain on November 21, 2006; according to plaintiff, he was then assaulted by Deputy Young, however, by his own admission he was taken immediately to the Charity Hospital in Lafayette where he remained until he was transferred to this present place of confinement four days later.

Thus, based upon the dates and events supplied by the plaintiff, his first request for medical attention occurred on November 15, 2006. He was transferred to his present place of confinement on or about November 25, 2006, eleven days later. During this 11 day period, plaintiff (1) was twice transported to the AMC in Eunice for diagnosis and treatment; (2) examined by a physician in Eunice 4 or 5 times; and, (3) hospitalized and treated for injuries at the Charity Hospital in Lafayette for a period of 4 days.

In light of the foregoing admissions, plaintiff's claim that he was denied prompt medical treatment is incomprehensible. To the contrary, plaintiff's own statement of the case reveals that each of his medical complaints was promptly addressed by the authorities at ECJ.  His complaint, insofar as it maintains that he was denied medical care by Warden Cormier, Chief Fontenot,

-9-

Assistant Chief Fontenot, and Officer/Deputy Young during the period he was incarcerated at the ECJ fail to state a claim upon which relief can be granted since it is obvious that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. See *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

### 3. Verbal Abuse

Plaintiff accuses the defendants of verbally abusing or otherwise threatening him. However, verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983).

### 4. Excessive Force

Finally, plaintiff complains that he was the victim of excessive force by Officer/Deputy Young.  According to the plaintiff, Young and "several other auxillary [sic] officers" beat him up after defendant T. Fontenot left the area. Plaintiff has stated a claim against Young, however, his complaint alleges no fault with respect to Cormier, Chief Fontenot, or Assistant Chief Fontenot.

To the extent that he maintains that these defendants are responsible for the acts of their subordinate, he fails to state a claim for which relief may be granted. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is

-10-

an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

In short, to the extent that plaintiff seeks to name supervisory officials such as Warden Cormier, Chief Fontenot, or Assistant Chief Fontenot, as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants. He has done neither and therefore his excessive force claims against these defendants must be dismissed as frivolous.

Accordingly,

**IT IS RECOMMENDED** that the complaint, insofar as it claims that plaintiff was denied prompt medical care, be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and,

**IT IS FURTHER RECOMMENDED** that plaintiff's excessive force and verbal abuse claims against defendants Cormier, G. Fontenot, and T. Fontenot be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[5]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

---

[5] As noted above, plaintiff's excessive force claim against Dy. Young (elsewhere identified as Officer Young) survives initial review and, in a separate Memorandum Order, the undersigned has directed service of process of that remaining claim on that remaining defendant.

-11-

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 23, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)