# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

GERALD GUILLORY                         **CIVIL ACTION NO. 07-1578**

**VERSUS**                                       **SECTION P**

**GARY FONTENOT , ET AL.**            **CHIEF JUDGE HAIK**
                                               **MAGISTRATE JUDGE METHVIN**

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on September 20, 2007, by *pro se* plaintiff, Gerald Guillory. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, but his pleading complained of conditions experienced while he was a detainee at the Eunice City Jail.

## STATEMENT OF THE CASE

This undersigned concluded an initial review of the complaint on June 23 2008 and recommended dismissal of the claims against defendants Gary Fontenot, Terry Fontenot, John Cormier, and Diana Simon [rec. doc. 15]; on August 14, 2008, Chief Judge Haik concurred in that recommendation and signed a judgment dismissing all claims against those defendants. [rec. doc. 16] Meanwhile, the undersigned concluded that plaintiff's excessive force claims against Deputy Ron Young should survive initial review; therefore the Clerk of Court was direcrted to provide plaintiff with the necessary summons forms and directed plaintiff to "...furnish to the Clerk of Court ... within thirty (30) days after service of this order, one (1) copy of the complaint, one (1) copy of the amended complaint, two (2) completed summonses and one completed USM-

285 form for the defendant for service..." on defendant Young. [rec. doc. 14] Plaintiff has not complied with that order. Nor has plaintiff taken any steps to prosecute the remaining claim against defendant Young.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Signed at Lafayette, Louisiana, on December 5, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)